UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KIMBERLY JACKSON-BACHAND,

    Plaintiff,

v.                                     Case No:   6:18-cv-450-Orl-31TBS

DOMAINE SELECT WINE & SPIRITS, LLC,

    Defendant.

## ORDER

Pending before the Court is the Motion of Plaintiff, Kimberly Jackson-Bachand, for Reconsideration of Order Dated May 30, 2019, and Order Dated June 3, 2019 (Doc. 26). Defendant disagrees with the characterization of the parties' email communications in the motion and that manifest injustice will result if the motion is not granted but does not oppose the relief sought (Doc. 27).

Reconsideration of a court's order is an extraordinary remedy and a power to be "used sparingly." United States ex rel. Mastej v. Health Mgmt. Assocs., Inc., 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). "Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended a party's position, the facts, or mistakenly has decided an issue not presented for determination." U.S. v. Halifax Hosp. Medical Center, No. 6:09-cv-1002-Orl-31TBS, 2013 WL 6284765, at *1 (M.D. Fla. Dec. 4, 2013). Reconsideration is also warranted based upon: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." McGuire v. Ryland Grp., Inc., 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007).

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Florida College of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Parties cannot use a motion for reconsideration to ask a district court to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quoting Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).

The party moving for reconsideration must present "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." McGuire, 497 F. Supp. 2d at 1358 (internal quotations omitted). "This ordinarily requires a showing of clear and obvious error where the interests of justice demand correction." Id. (internal quotations omitted). "A party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." Id. (internal quotations omitted). "To avoid repetitive arguments on issues already considered fully by the court, rules governing reargument are narrowly construed and strictly applied." Capitol Body Shop, Case No. 6:14-cv-6000-Orl-31TBS, Doc. 129 at 3 (citing St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd., 976 F. Supp. 198, 201-02 (S.D.N.Y. 1996)).

Here, after obtaining a two-month enlargement of the period to complete all discovery, Plaintiff requested a further extension from June 1 to August 15, 2019 (Doc. 22). The Court denied the motion, finding that Plaintiff had failed to satisfy the good cause requirement in FED. R. CIV. P. 16(b)(4) (Doc. 23). After receiving the Order Plaintiff filed an amended motion seeking the same relief (Doc. 24). The Court denied the amended

motion, explaining that Plaintiff had two avenues, she could object to the original Order, or file a motion for reconsideration (Doc. 25). Now, Plaintiff argues that the Court should reconsider its prior Order because the Court may have misapprehended the facts when it said "Plaintiff deliberately delayed taking these depositions in hopes that the case would settle at mediation." (Doc. 26 at 4). Plaintiff argues that manifest injustice will result if the requested extension is not granted, and on a personal note, Plaintiff's lawyer wants the Court to know that counsel have worked well together, they have been diligent, and that granting the extension will serve the ends of justice (Id., at 8-9).

The Court is not persuaded that it misapprehended the facts or that denial of the motion will result in manifest injustice. Still, the Court will relent this one time and **GRANT** the motion in part based upon the personal representations of Plaintiff's lawyer. Plaintiffs have through August 30, 2019 to take the three depositions in question. In all other respects the motion is **DENIED**.

This Order may not cited as grounds to modify any other date or deadline in the case. Any discovery conducted after the dispositive motions deadline may not be used for summary judgment purposes.

**DONE** and **ORDERED** in Orlando, Florida on June 17, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record